No. 23035.

JAMES F. MUNN *v.* JOAN J. MUNN, FORMERLY JOAN EDGE.
(450 P.2d 68)

Decided February 3, 1969.

IRA CHRISMAN, DOUGLAS G. McKINNON, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS is a paternity action brought under Chapter 22, Article 6 of the 1953 Colorado Revised Statutes, now repealed. A jury found James F. Munn to be the father of a child born in February of 1964 to Joan Edge; accordingly it assessed damages of $150 per month for fifteen years as child support, and $1800 damages to Joan. James seeks review of the judgment entered on the verdict. Although she has never been married to James, in 1964 Joan changed her last name to Munn. To eliminate confusion, the parties will be referred to by first name only.

James alleges numerous errors in the trial court, but most of them may be consolidated into the contentions that (a) C.R.S. '53, Chapter 22, Article 6, denies equal protection of the law in that it places upon the father of an illegitimate child a measure of support more onerous than that placed on the father of a legitimate child; (b) that there was insufficient evidence to support the award of damages by the jury; and (c) that certain

erroneous rulings on evidence and instructions prejudiced the defendant's case.

In a recently decided case, the United States Supreme Court held that the denial to five illegitimate children of a right of action for the wrongful death of their mother constituted "invidious discrimination" which denied them the equal protection of the laws as guaranteed by the fourteenth amendment to the United States Constitution. *Levy v. Louisiana*, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436. In a companion case, the Court held that where the claimant was plainly the mother the state denied her equal protection by withholding a right of action for the wrongful death of her son merely because he was illegitimate. *Glona v. American Guarantee & Liability Insurance Company*, 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441. See *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (concurring opinion).

Other jurisdictions have begun to apply the rationale of the two cases. See *Hebert v. Petroleum Pipe Inspectors, Inc.*, 396 F.2d 237; *Storm v. None*, 57 Misc.2d 342, 291 N.Y.S.2d 515. See *R———— v. R————*, 431 S.W.2d 152, in which it was held that illegitimate children are entitled to support on the same basis as legitimate children by reason of the equal protection clause of the United States Constitution.

This case presents the reverse side of the argument. Although he cited neither *Levy* nor *Glona*, James contends here, in essence, that the father of an illegitimate child is denied equal protection when the nature of his support obligation differs substantially from the obligation owed by the father of a legitimate child. In particular, he points out that C.R.S. '53, 22-6-3 provided that a jury may assess such damages as it may think proper for the support of the child, and that the court shall render judgment accordingly. Since a jury verdict is final and cannot be modified as the years progress, James cannot successfully petition the court at a later date to reduce the support payments set forth in the verdict

to reflect changed financial conditions or to relieve himself of support should the child be adopted. The striking dissimilarity of the nature of the support obligation owed by the father of a legitimate child requires no commentary. The support provision of the statute is equally objectionable from the illegitimate child's point of view, for the jury verdict also freezes his right to support from his father at a fixed level without regard to changing financial needs on his part.

*Levy* and *Glona* point the way to the inescapable conclusion that the support obligation owed by a father to his legitimate child cannot differ substantially from the duty owed to his illegitimate child. See *R———— v. R————, supra; Baston v. Sears,* 15 Ohio St. 2d 166, 239 N.E.2d 62 (dissenting opinion); *Storm v. None, supra.* "To say that the test of equal protection should be the 'legal' rather than the biological relationship is to avoid the issue. For the Equal Protection Clause necessarily limits the authority of a State to draw such 'legal' lines as it chooses." *Glona v. American Guarantee & Liability Insurance Company, supra.*

From the above, we conclude that C.R.S. '53, 22-6-3, denies James the constitutional equal protection guaranty, and that the portion of the judgment relating to damages should be set aside. Other error alleged by James dealing with the question of damages will therefore not be considered. We point out, however, that James is not by this opinion relieved of his obligation to support the child.

We will not list in this opinion all the details of the relationship between the parties. Suffice it to say, however, that although James denied paternity, he admitted to a long period of sexual relationships with Joan, some of which occurred during the period of conception. There was ample competent evidence to support the jury's verdict of paternity, and no error seriously prejudicial to James on this issue occurred at the trial. In view of this fact, we find that the verdict of the jury

on the issue of paternity as provided for in C.R.S. '53, 22-6-2, shall be permitted to stand. Appropriate proceedings to enforce James' support obligations may be taken under the recently enacted Colorado Children's Code.

The judgment is modified by setting aside that portion which awards damages to the defendant in error and to the child. That portion of the judgment holding James to be the father of the child in question is affirmed.