## No. 27089

**The People of the State of Colorado In The Interest of A.A.T., a Child, Upon the Petition of D.K.T. And Concerning D.A.G.**

(554 P.2d 302)

Decided September 7, 1976.                    Rehearing denied September 27, 1976.

Patrick J. Maggio, for petitioner-appellee.

Jagger & Macrorie, Lee N. Sternal, for respondent-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We took jurisdiction of this case because of a constitutional question, which we now find is without merit and do not discuss. This is an appeal from a finding of paternity and from a subsequent order to pay child support entered in the same action. The trial court denied a request for back support. We affirm in part and reverse in part. Here we use the trial court's designation of the parties, *viz.*, the mother as petitioner and the alleged father as respondent.

This action was commenced under Articles 6 and 7 of the Children's Code, Sections 19-6-101, *et seq.*, and Sections 19-7-101, *et seq.*, C.R.S. 1973. The petition asked for a determination of paternity and for an order requiring payment of support money. On November 13, 1972, after a trial on the issue of paternity, the court found that the respondent was the father of the child born of the petitioner. The court then ordered that the matter be continued "for the entry of a support order." Attorneys for the respondent, on February 21, 1973, filed their notice of appeal in the trial court on the issue of paternity. On December 18, 1973, the Colorado Court of Appeals dismissed the appeal for the reason that the order appealed from was not a final judgment, the trial court not having

determined all issues before it.

On December 18, 1974, petitioner's attorney notified respondent's attorney of a date for a setting for hearing on the issue of support. Respondent then filed a motion to dismiss the entire proceeding. The court denied the motion to dismiss, finding, *inter alia*, that the statute governing paternity proceedings provides that, once an order has been made declaring paternity, the court may order the father to pay support for the child. The court also held that, at the time of the order declaring paternity, the trial court had discretion and jurisdiction to continue the matter for the taking of additional evidence. Further, the trial court held that:

"The hearing to determine what relief should be granted to Petitioner was initially delayed by Respondent's appeal . . . and thereafter by the fact that Petitioner did not receive public assistance for her child from the time that appeal was dismissed on January 4, 1974, until October, 1974. There was no showing by Respondent that such a delay has resulted in any disadvantage, injury or injustice, detriment or prejudice to the Respondent; therefore, the defense of laches is not available to him."

The court then set the hearing on the issue of child support. At the conclusion of the hearing the respondent was ordered to pay $100 per month into the registry of the court for the care and support of the minor child. As indicated earlier, the request for pre-hearing support was denied, the court holding that in the petition there was no request therefor.

The respondent appeals the finding of paternity, as well as the order for support. He alleges, among other things, that the action was not properly maintained by the state; that the judgment of paternity was not based upon sufficient evidence; and that the court had no jurisdiction to enter an order of support since the people had abandoned the action. The petitioner has cross-appealed on the denial of her request for back support, alleging that the court should have allowed an amendment of the pleadings to conform with the evidence.

## I.

The respondent argues that the action to establish paternity is a "private matter" between the mother and the alleged father, and that the People have no right to prosecute this action. We have discovered nothing in the record (except the title to the action) to show that this is an action brought by the People. Rather, for aught that we perceive, this has been an action brought by the petitioner in which the petitioner and her counsel have appeared at all stages and in which there has been no appearance by the People or any governmental agency. However, we will assume *arguendo* that the People have commenced and are a party to this proceeding.

Section 19-6-101(1), C.R.S. 1973 provides:

"Proceedings to establish the paternity of a child and to compel support under this article may be commenced by the mother, whether a minor or

not, by the child's guardian of the person, or, if the mother or the child is a public-charge, by the county department of social services."

Although the respondent argues that there is no evidence that the child was a public charge, the record shows that the mother received assistance from the county department of public welfare for the benefit of the child, and was receiving benefits at the time this action was commenced. We think that this evidence is sufficient to allow the People standing to commence the action.

Respondent cites *Martinez v. Lopez*, 153 Colo. 425, 386 P.2d 595 (1963), as support for his contention that the state's police power cannot be invoked absent a finding that the child is dependent and neglected. That case is inapposite. Proceedings there were instituted by the unwed mother of an infant, charging the alleged father with "contributing to the dependency of the child," and listing him as the father in the petition. Under the circumstances of that case, this court held that judgment of paternity against the respondent was improper. That opinion is consistent with other opinions of this court which hold that the statute under which the paternity action was brought in the case before us, Section 19-6-101, C.R.S. 1973, is the exclusive means of adjudicating contested paternity. *The People in the Interest of L.B.*, 179 Colo. 11, 498 P.2d 1157 (1972), *appeal dismissed mem.*, 410 U.S. 976, 93 S.Ct. 1497, 36 L.Ed.2d 173 (1973). Under the statute before us, a showing of the child's neglect or dependency is not a condition precedent to a determination of paternity.

## II.

We now consider respondent's argument that the evidence was insufficient to support the finding of paternity. The petitioner testified to the following effect: That she is the mother of the minor child, born October 3, 1970, that during December, 1969, and January and February, 1970, her sole sexual intimacies were with the respondent; that her last menstrual cycle prior to the birth of the child occurred in the first week of January, 1970; that on confirmation of her pregnancy in February, 1970, she confronted respondent with the knowledge of pregnancy by him and he made no denial; that respondent visited her during confinement; and that respondent contributed to the support of the child, which support was reported by petitioner to the welfare department.

Although most of the testimony of petitioner was vigorously disputed, there was sufficient evidence to support a finding of paternity. Findings of the trial court will not be disturbed on review, unless they are clearly erroneous. C.R.C.P. 52.

## III.

The respondent's attack upon the jurisdiction of the court to enter the order for support is predicated upon the fact that for nearly a year welfare payments to the mother were not made. However, at the time this action was commenced and at the time of the hearing on support for the

child, the petitioner was receiving assistance on behalf of the child from the welfare department. The state had a continuing interest on behalf of the welfare of the child in the support issue. We cannot say that, even under the admittedly protracted circumstances of this case, jurisdiction of the court ceased. Nor has respondent shown any prejudice by the delay, part of which delay, incidentally, was caused by him.

## IV.

Respondent also contends that the order requiring him to pay $100 per month is excessive and leaves him destitute. Evidence was taken as to the financial status of the respondent as well as the petitioner. Petitioner testified that she was employed as a cook, but was called to work only on a sporadic basis, earning $2.50 an hour. She testified as to her monthly expenses, and as to the amount needed to adequately support the child. Respondent testified that he grossed $900 per month with a take-home of $625. His 1974 income was $9,960 and his 1975 income would be $10,800. We cannot say that this amount of child support is oppressive. The trial court has wide discretion in determining awards of child support and maintenance. *Cohan v. Cohan*, 150 Colo. 249, 372 P.2d 149 (1962). In the absence of an abuse of discretion, the trial court order will not be disturbed.

## V.

On cross-appeal, petitioner argues that the trial court erred in denying her petition to amend the pleadings so as to include the issue of back support. She points out that this issue was fully tried at the support hearing on April 31, 1975.

Petitioner argues that under C.R.C.P. 15 she should be allowed to amend the pleadings to conform to the evidence. Rule 15(b) provides as follows:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Respondent, in his brief here, admits that the issue of back support was fully tried. Under the circumstances here, we think the trial court abused its discretion in not permitting the proposed amendments to the pleadings.

To the evidence submitted, there was no objection on the ground that the issues were not raised in the pleadings. It appears that these issues were tried by implied consent.

The respondent further contends that as a matter of law the court could not issue an order for back support by reason of section 19-6-105(3)(c), C.R.S. 1973, which provides:

"The order declaring paternity may also direct the father to pay for support of the child prior to such order."

This language, respondent argues, precludes raising the issue of back support any time later than the order declaring paternity. We do not so interpret this statute. In a paternity proceeding we hold that the question of support of the child, both past and future, is involved.[1]

We affirm on the issues raised by the respondent, and reverse as to the cross-appeal of the petitioner, remanding the case to the district court with directions to act consonant with the views here expressed.

---

[1] The petitioner asserts that the matter of her hospital and doctor bills and medical expenses were matters before the court. In our review of the record, we found no evidence of these expenses.