DEPARTMENT OF REVENUE[1] *vs.* RICHARD ROE. No. 90-P-71. October 19,
1990. *Practice, Civil*, Standing, Support of illegitimate child. *Constitu-
tional Law*, Equal protection of laws, Standing to question constitutional-
ity. *Parent and Child*, Support of illegitimate child.

A child was born out of wedlock on March 23, 1980. On November 21,
1986, the mother filed a civil complaint under G. L. c. 209C in the District
Court alleging that the defendant was the father of the child. After hear-
ing, a judge found paternity and, pursuant to G. L. c. 209C, § 9, ordered
the father to pay the mother $63,975 for retroactive support of the child at
the rate of $143.76 per week from the date of her birth, to pay the same
weekly rate for the child's current support, and to add the child to his
medical insurance plan. Paternity is not in issue on appeal, only the finan-
cial orders. General Laws c. 209C, § 9(*a*), read in conjunction with G. L.
c. 209C, § 1, authorizes orders in cases of illegitimacy for current support
of a child, for retroactive support from the date of birth, and for provision
of health insurance.

The father claims first that the statute, insofar as it authorizes orders
for retroactive support of children born out of wedlock, is unconstitutional.
He contends that, in violation of equal protection, it treats children of mar-
ried parents less favorably than children of unmarried parents. However,
lacking any authority to represent children of married parents, or any in-
centive to assert their rights, the father lacks standing to raise a constitu-
tional claim on their behalf. Contrast *Klein* v. *Catalano*, 386 Mass. 701,
713-714 (1982); *Leigh* v. *Board of Registration in Nursing*, 399 Mass.
558, 561 (1987). Next, he complains of the inequality in treatment be-
tween unmarried and married parents with respect to retroactive support

---

[1]On behalf of the mother. The guardian ad litem of the child also filed a brief.

orders. The father contends that parents of children born out of wedlock, unlike parents who are married when a child is born, may be ordered to pay for a child's support retroactively from the date of birth. Without reviewing in detail the complex statutes relating to the duty of parents in Massachusetts to provide for the support of their children, suffice it to say that both by common law and statute, it is well established that married parents are obligated to support their children from the time of birth. See, e.g., G. L. c. 273, § 1; *Fennell* v. *Russell*, 282 Mass. 67, 71 (1933). Moreover, to the extent that the legislative scheme is different for the two classes of parents, the applicable test of rationality is easily satisfied. General Laws c. 209C was a step in the removal of disadvantages previously experienced by children born out of wedlock. See *Doe* v. *Roe*, 23 Mass. App. Ct. 590, 594 (1987). Compare *Gomez* v. *Perez*, 409 U.S. 535, 538 (1973). There is a greater need for retroactive orders to protect children born out of wedlock than other children because the paternity of a father of a child born out of wedlock is not presumptively established by the fact of marriage and may take some time to be established.

Nor do we agree that there is any other basis for setting aside the financial order. As the father points out, in a criminal action for nonsupport of a child born out of wedlock under G. L. c. 273, § 15, no retroactive support order may be entered covering a period more than six years preceding the date of the complaint or any period before the defendant knew or should have known that he was the father of the child. See *Commonwealth* v. *Chase*, 385 Mass. 461, 472 (1982). Although no clear finding on the point was made, ample evidence was offered to warrant a finding that the father knew or should have known from the time of the child's birth that he was her father. In any event, there is no *scienter* requirement, either expressly or by implication, in the provisions relating to support in G. L. c. 209C, § 9(*a*). Nor is the six-year statute of limitations, applicable under G. L. c. 277, § 63, to actions under G. L. c. 273, applicable to civil actions under G. L. c. 209C.

As for the fairness of the order, we have before us the transcript and exhibits, including tax returns for each of the parties for all the relevant years, financial statements, and the judge's rulings on each party's proposed findings of fact. We agree with the father that those findings lack clarity and are in some respects inconsistent. Only the two parents testified, however, and the situation was not complicated. The judge did not err in failing to base his order specifically on the Child Support Guidelines of the Chief Administrative Justice of the Trial Court, adopted pursuant to G. L. c. 211B, § 15. Because of the size of the father's income and the extent of his assets, the guidelines were neither applicable nor useful. The judge was required, of course, to consider the factors set forth in G. L. c. 209C, § 9(*c*). His findings indicate at least that he considered evidence relating to those factors. Based upon evidence which was undisputed and the father's own evidence, the order was not excessive. A single man with-

out dependents, living alone in an eight-room house assessed at $250,000, the father was the settlor and beneficiary of a revocable trust with assets of over $375,000. Although his earned income from his profession as a musician was modest, he had substantial income from capital gains. He made virtually no contributions for the child's care in the form of services or financial assistance from the time of her birth. The mother, on the other hand, lived on a modest scale, supporting herself and the child on an average yearly earned income of $30,000. She cared for the child except while working, when she had to pay others to provide care.

The parties agreed at oral argument that, if the order as to the father's obligation to provide health insurance should stand, it could be amended to require that the mother exercise her option to include the child in her group health insurance policy and that the father reimburse the mother for the cost to her of exercising that option. The judgment is to be modified by striking the portion of the judgment requiring the father to include the child in his health plan and substituting in its place: the father shall reimburse the mother for the cost of including the child in the mother's group health insurance policy. As so modified, the judgment is affirmed. The orders denying posttrial motions are also affirmed.

*So ordered.*

*George M. Ford* for the defendant.
*Judith Fabricant*, Assistant Attorney General, for the plaintiff.
*Jamie Ann Sabino* for the minor.