The **PEOPLE** of the State of Colorado In the Interest of A.A.V. and J.D.V., Children, Upon the Petition of the Weld County Department of Social Services Child Support Enforcement Division, Petitioner–Appellant,

v.

**J.R., Respondent–Appellee.**

**No. 90CA1076.**

Colorado Court of Appeals, Div. IV.

July 5, 1991.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Thomas O. David, Weld County Atty., Cyndy Giauque, Asst. Weld County Atty., Greeley, for petitioner-appellant.

No appearance for respondent-appellee.

Opinion by Judge HUME.

Petitioner, Weld County Department of Social Services Child Support Enforcement Division, appeals a judgment requiring respondent father, J.R., to reimburse less than the full amount of past public assistance it had paid for the support of his minor children, A.A.V. and J.D.V. We reverse.

Petitioner filed an action pursuant to the Uniform Parentage Act, § 19–4–101, et seq., C.R.S. (1990 Cum.Supp.) (the Act) to establish parent and child relationships between the children and J.R. and to obtain a judicial determination of J.R.'s obligation for past and future support for the children. After paternity had been established, the court held a separate hearing and considered the parties' briefs relating to J.R.'s support obligation.

After considering the evidence and legal briefs submitted by the parties, the trial court applied criteria specified in § 19–4–116(6), C.R.S. (1990 Cum.Supp.) and entered an order, pursuant to the child support guidelines set forth in § 14–10–115, C.R.S. (1987 Repl.Vol. 6B), requiring J.R. to pay $264 per month as support for the two children. Neither the court's determination of paternity nor the order for prospective support is appealed here.

At the support hearing, petitioner presented uncontroverted evidence that the Weld County Department of Social Services had paid $10,822 in public assistance on behalf of A.A.V. and J.D.V. prior to the court's determination of paternity and requested entry of a judgment for that amount against J.R.

The trial court determined, however, that § 14–14–104(1)(b), C.R.S. (1990 Cum.Supp.) should not be applied to limit its discretion in entering a judgment for past support under the Act, and it entered judgment for only $4,000 rather than the full amount claimed. Petitioner contends, and we agree, that the court erred in so doing.

Section 19–4–116(3), C.R.S. (1990 Cum. Supp.) states:

"The judgment or order [determining the existence of a parent and child relationship] may contain any other provision directed against the appropriate party to the proceeding concerning the duty of support, *the recovery of child support debt pursuant to section 14–14–104, C.R.S.* ... or any other matter in the best interest of the child...." (emphasis added)

The emphasized language was added to the statute by a 1989 amendment. *See* Colo. Sess.Laws 1989, ch. 140 at 794.

As a part of the same amendatory legislation (House Bill No. 1180), the first sentence of § 14–14–104(1)(b), C.R.S. (1987 Repl.Vol. 6B) was amended by the removal of certain words, as follows:

"Where there has been no court order, the county department of social services, through its delegate child support enforcement unit may initiate a court action to establish the amount of child support debt accrued; and the court, after hearing or upon stipulation and after taking into consideration all relevant factors

including those referred to in section 14–10–115, may enter an order ~~less than~~, equal to or more than the amount of public assistance paid...."

*See* Colo.Sess.Laws 1989, ch. 140 at 794.

Section 14–14–104(1), C.R.S. (1987 Repl. Vol. 6B) provides that:

"Any payment of public assistance by a county department of social services made to or for the benefit of any dependent child or children creates a [child support] debt, which is due and owing to the county department of social services, recoverable by the county as a debt due to the state by the parent or parents who are responsible for support of the dependent child or children in an amount equal to the amount of public assistance so paid...."

Generally, proceedings to establish and enforce child support obligations operate prospectively from the date of commencement of support proceedings. *See In re Marriage of McKendry,* 735 P.2d 908 (Colo.App.1986); *In re Marriage of Klein,* 671 P.2d 1345 (Colo.App.1983).

However, in an action under the Act, a court also may determine liability and enter orders for reimbursement of past support provided by the custodian to the child or children as well as "the reasonable expenses of the mother's pregnancy and confinement." *See* § 19–4–116(3) and (4), C.R.S. (1990 Cum.Supp.). *See also People in Interest of A.A.T.,* 191 Colo. 494, 554 P.2d 302 (1976); *People in Interest of L.W.,* 756 P.2d 392 (Colo.App.1988).

While § 19–4–116(4) permits the court to exercise its discretion in limiting "the father's liability for past support ... [as] the court deems just," no such discretion is apparent in the statutes relating to "child support debt" based upon prior payments of public assistance. Section 19–4–116(3) expressly incorporates by reference the provisions of § 14–14–104, and the latter statute expressly mandates that such awards be equal to or more than the amount of public assistance paid.

In light of these statutory provisions, we conclude that the trial court erred in enter-ing judgment for less than the undisputed full amount of the accrued child support debt.

Accordingly, the trial court's judgment for past support is reversed, and the cause is remanded with directions for entry of judgment in conformity with the views expressed herein.

REED and ROTHENBERG, JJ., concur.