DEPARTMENT OF REVENUE *vs.* RICHARD ROE. No. 90-P-1254. August 29, 1991. *Constitutional Law*, Ex post facto law. *Practice, Civil*, Support of illegitimate child. *Parent and Child*, Support of illegitimate child. *Due Process of Law*, Retrospective statute. *Statute*, Retrospective statute.

On May 19, 1987, the Department of Revenue (DOR) filed a civil action under G. L. c. 209C, inserted by St. 1986, c. 310, § 16 (effective July 22, 1986), on behalf of the Department of Public Welfare and the mother of a child born out of wedlock in 1977, alleging that the defendant was the father of the child. The mother had filed a criminal complaint against the defendant to establish paternity and for nonsupport, but the defendant was defaulted on October 14, 1981, the date set for trial, and the case was eventually dismissed. After hearing on the DOR complaint, a judge found paternity and noted that the defendant "knew or should have known" as

early as 1981 that he was the father of the child. The judge established support arrearages in the amount of $10,000, of which $5,000 was determined to be owed to the mother and $5,000 to the Department of Public Welfare. The defendant was ordered to pay the support due in the amount of $120 per week, of which $20 per week was for arrears.

No issue is raised on appeal relating to paternity, the defendant's ability to pay the amount ordered, or the state of the defendant's knowledge, as of October of 1981, that he was the father. Nor does the defendant contend that there is no statutory authorization for the support order. General Laws c. 209C, § 9(*a*), provides that "the court may order one party to pay the other party including the department of public welfare a sum for past support . . . ." Section 1 further provides that "[e]very person is responsible for the support of his child born out of wedlock from its birth up to the age of eighteen . . . ." Rather, the defendant argues that the judge's decision to give retroactive application to G. L. c. 209C by awarding support to the mother for a period preceding that statute's effective date violates his due process rights and the constitutional prohibitions against ex post facto laws in art. 1, § 9, of the United States Constitution and art. 24 of the Declaration of Rights of the Massachusetts Constitution. Even assuming the defendant has standing to raise the issues in question, which is doubtful,[1] we think that his arguments are without merit.

1. In *Commonwealth* v. *Bargeron*, 402 Mass. 589, 590-591 (1988), the Supreme Judicial Court, quoting from "the primordial case" of *Calder* v. *Bull*, 3 U.S. (3 Dall.) 386, 390 (1798), set forth the "classical exposition" of the ex post facto law.

> "1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates* a crime, or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence*, and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender*." (Emphasis in original.) *Id.* at 590-591.

Seeking to bring his case within the fourth enumerated category, the defendant argues that G. L. c. 209C requires less evidence to establish pater-

---

[1] The court's order is not specific as to when the arrears the father was ordered to pay accrued, and it is not clear that the amount ordered exceeds a reasonable amount based on the child's needs during the period commencing July 22, 1986, the effective date of G. L. c. 209C. The Commonwealth contends that the defendant lacks standing to raise his constitutional challenges as he has not been ordered directly or in practical effect to pay child support arrears accrued prior to the statute's effective date. See *Doe* v. *The Governor*, 381 Mass. 702, 704 (1980).

nity than does G. L. c. 273, § 15, the only applicable statute at the time of the child's birth. He points out, correctly, that G. L. c. 273, § 15, a criminal statute, requires proof beyond a reasonable doubt, whereas G. L. c. 209C requires proof only by clear and convincing evidence. The constitutional prohibitions against ex post facto laws, however, only apply to statutes which are penal in nature. *Doris* v. *Police Commr. of Boston*, 374 Mass. 443, 450 (1978). See *Weaver* v. *Graham*, 450 U.S. 24, 29 (1981). Actions brought pursuant to G. L. c. 209C are, by the express terms of § 7, civil in nature. *Department of Rev.* v. *Roe*, 29 Mass. App. Ct. 967, 968 (1990). The statute was not enacted to punish the parent of a child born out of wedlock but, instead, to enforce his duty, established long ago, to provide support for the benefit of his or her children born out of wedlock. See *Doe* v. *Roe*, 23 Mass. App. Ct. 590, 594-595 (1987); *Department of Rev.* v. *Roe*, 29 Mass. App. Ct. at 968.[2] See generally 3 Kindregan & Inker, Family Law and Practice § 1959 (1990); *Commonwealth* v. *Chase*, 385 Mass. 461, 469 (1982).

2. The defendant's due process challenge is grounded in his contention that the language of c. 209C does not make clear that the Legislature intended retroactivity. Sections 1 and 9 of G. L. c. 209C, when read together, see *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Commn.*, 394 Mass. 233, 240 (1985), express, we think, the Legislature's intent to permit orders for past support dating back to a child's birth without limitation as to the relation of the birth date to the effective date of the statute. Such a construction underlies our decision in *Department of Rev.* v. *Roe, supra.*

*Order of support affirmed.*

*Willie J. Davis* for the defendant.
*Juliane M. Dow*, Assistant Attorney General, for the plaintiff.

---

[2]In *Department of Rev.* v. *Roe*, we rejected a father's claim that the past support provisions of G. L. c. 209C violated his equal protection rights. We also recognized that even though there was no "scienter" requirement in the provisions relating to support in G. L. c. 209C, § 9(*a*), see and compare *Commonwealth* v. *Chase*, 385 Mass. at 467, a judge could properly award retroactive support.