**MONTEZUMA COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner–Appellee,**

v.

**Ray Paul LANER, Respondent–Appellant.**

No. 96CA1161.

Colorado Court of Appeals, Div. IV.

April 3, 1997.

Bob D. Slough, County Attorney, Cortez, for Petitioner-Appellee.

Ray Paul Laner, Pro Se.

Opinion by Judge KAPELKE.

Ray Paul Laner (father) appeals the judgment for reimbursement of benefits paid by the Montezuma County Department of Social Services (Social Services) to Nancy E. Scott (mother). We affirm in part, reverse in part, and remand with directions.

Alleging that it had paid $7040 in Aid to Families With Dependent Children benefits to mother from June 1989 to April 1991, Social Services petitioned for reimbursement from father. Father requested summary

judgment on the grounds that the action was barred by the doctrine of laches and the statute of limitations. To eliminate the statute of limitations issue, Social Services waived any right to seek reimbursement for benefits paid in 1989.

At the hearing, the sole witness for Social Services testified as to the efforts made to locate father, and the amount of benefits paid. The trial court denied the motion for summary judgment and, based on the evidence, entered judgment against father in the amount of $4961 for the benefits paid in 1990 and 1991.

### A.

■ Father first contends that the trial court incorrectly applied the statute governing recovery of a child support debt. He argues that the current version of the statute must be applied, while Social Services argues that the trial court correctly applied an earlier version. We agree with father.

The amount of a child support debt recoverable by a county department of social services is dependent upon whether there is an order establishing child support. *See* § 14–14–104(1), C.R.S. (1996 Cum.Supp.).

By statute effective July 1, 1989, if, as here, there was no court or administrative order, the court was authorized to "enter an order equal to or more than the amount of public assistance paid." Colo. Sess. Laws 1989, ch. 140, § 14–14–104(1)(b) at 794, 800. In 1993, this section was amended to its present form, § 14–14–104(1)(b), C.R.S. (1996 Cum.Supp.), which provides that:

> [T]he debt shall be based on the amount of current child support due, or which would be due if the obligor were an absent parent, under the current child support enforcement guidelines in effect on the date of the stipulation, default order, or hearing to establish the child support debt times the number of months the family received public assistance.

The 1993 amendment took effect on June 6, 1993, and applies "only to orders establishing debt entered on or after said date." Colo. Sess. Laws 1993, ch. 270 at 1566.

Here, the trial court's order establishing the debt was entered in 1996. Therefore, § 14–14–104(1)(b), C.R.S. (1996 Cum.Supp.) controls. Accordingly, those cases decided under the prior version of the statute are inapplicable to the issue of determining the amount of the debt. *See In re Marriage of Ward,* 856 P.2d 67 (Colo.App.1993); *People in Interest of A.A.V.,* 815 P.2d 997 (Colo.App. 1991).

Thus, the trial court's ruling on the amount of the debt cannot stand, and, on remand, the court must apply the current version of the statute in determining father's child support obligation under the child support guidelines. *See* § 14–10–115, C.R.S. (1996 Cum.Supp.).

■ Contrary to father's related contention, the guidelines must be applied to the parents' current income, rather than to the income at the time the debt arose. Section 14–14–104(1)(b) states that the applicable guidelines are those in effect on the date of the hearing to establish the debt. Also, the current child support guidelines contemplate use of the parents' current income, *see* § 14–10–115(7), C.R.S. (1996 Cum.Supp.), except in limited situations in which income may be averaged over several years. *See In re Marriage of Hannum,* 796 P.2d 57 (Colo.App. 1990) (income from four years averaged where evidence cast doubt on reliability of husband's financial affidavit). This construction does not, as father argues, implicate due process or equal protection concerns, since the current income standard requires consideration of father's current ability to repay Social Services.

Our disposition of this issue obviates the need to address father's contentions that the court erred in taking judicial notice of the amounts paid and that the amount of the judgment was erroneous.

■ Also, we reject father's contention that Social Services waived its claim to reimbursement when it stated, in its response to the motion for summary judgment, that it "does not and will not seek reimbursement for benefits paid in 1989 to the date of filing of the petition [in 1996] in this matter." Although this sentence was inartfully worded, Social Services' intent was to eliminate the

statute of limitations issue by waiving the right to reimbursement only as to the 1989 payments. At the commencement of the hearing the trial court clearly confirmed that this was the position of Social Services. Therefore, there was no prejudice to father.

### B.

■ Father next contends that the trial court erred in conducting an evidentiary hearing on his motion for summary judgment. We disagree.

Contrary to father's contention, the hearing was not set on the motion, but rather on the petition itself. The hearing on the petition had been set two months before the motion for summary judgment was filed.

Furthermore, father filed the motion for summary judgment only 15 days before the hearing and, therefore, did not comply with C.R.C.P. 56(c). *See People in Interest of A.E.,* 914 P.2d 534 (Colo.App.1996) (unless otherwise ordered by the court, motion must be filed 75 days prior to trial). Also, father did not seek a continuance of the hearing on the petition to allow timely filing and response to the motion for summary judgment.

Accordingly, we perceive no error in the trial court's decision to proceed with the evidentiary hearing on the merits, despite the pendency of the motion for summary judgment.

In addition, although the trial court denied the motion, it indicated in its ruling that it heard and decided the laches issue on the merits, rather than under C.R.C.P. 56. Thus, we perceive no prejudice to father.

■ Under these circumstances, we also reject father's related contention that the court erred in failing to grant his summary judgment motion.

### C.

■ Father's next contention is that Social Services' claim for reimbursement was barred by the doctrine of laches. We disagree.

■ The doctrine of laches permits a court to deny a party equitable relief if his or her unconscionable delay in enforcing rights has prejudiced the party against whom the relief is sought. *Colorado Ground Water Commission v. Dreiling,* 198 Colo. 560, 606 P.2d 836 (1979). Whether the elements of the doctrine are present is essentially a question of fact to be determined upon the evidence presented. *Carlson's for Music, Inc. v. Gould,* 524 P.2d 651 (Colo.App.1974) (not selected for official publication).

Even if we were to assume that the doctrine of laches can be applied against Social Services here, *see In re Marriage of Ward, supra,* there is ample support for the trial court's rejection of this defense. The court found, based on the testimony, that Social Services acted as promptly as it could in light of the information it obtained and that it pursued efforts to obtain reimbursement shortly after confirming father's income and address. Therefore, we will not disturb the ruling on appeal. *In re Marriage of Ward, supra.*

We also reject father's final contention that the action is barred as a result of Social Services' failure to follow certain administrative procedures.

The record does not support father's contention that Social Services failed to comply with the regulations that require the taking of all appropriate efforts to locate parents within 75 calendar days of determining that location is necessary. *See* Department of Human Services Regulation No. 6.502, 9 Code Colo. Reg. 2504-1.

Because father has not demonstrated that Social Services did not act in compliance with the regulations, we need not address the issue whether a noncompliance would have constituted a defense to the claim for reimbursement of benefits paid.

The judgment is affirmed as to the determination that father is obligated for reimbursement of benefits and is reversed as to the amount of such reimbursement. The cause is remanded for recalculation of the reimbursement debt under § 14-14-104(1)(b), C.R.S. (1996 Cum.Supp.).

STERNBERG, C.J., and HUME, J., concur.