See *E.O. v. People,* 854 P.2d 797 (Colo.1993). See also *People in Interest of H.R., supra.*

**The PEOPLE of the State of Colorado,**

**In the Interest of B.W., a Child,**

**Upon the Petition of Jefferson County Department of Social Services, Petitioner,**

**and**

**R.W., Petitioner–Appellant,**

**and**

**Concerning M.R., Respondent–Appellee.**

**No. 99CA1564.**

Colorado Court of Appeals, Div. I.

Oct. 12, 2000.

Rehearing Denied Nov. 9, 2000.

Certiorari Denied Jan. 22, 2001.

No Appearance for Petitioner.

Bruce Myr Flossic, P.C., Bruce Myr Flossic, Rebecca B. Winters, Denver, Colorado, for Petitioner–Appellant.

Moyer, Beal and Vranesic, John R. Vranesic, Lakewood, Colorado, for Respondent–Appellee.

Ken Salazar, Attorney General, Hollie R. Stevenson, Assistant Attorney General, Anne Holton, Assistant Attorney General, Denver, Colorado, for Amicus Curiae, Colorado Department of Human Services.

Opinion by Judge METZGER.

In this proceeding for child support establishment and enforcement, R.W. (mother) appeals the district court's order denying her request for an award of child support retroactive to the birth of her child, B.W. The sole issue is whether § 19–4–116(4), C.R.S.2000, which provides that child support may be ordered "for a time period which occurred prior to the entry of the order establishing paternity," permits support to be awarded for the time before the paternity proceeding commenced, and, if so, whether it violates the

equal protection clause of the Fourteenth Amendment and Colo. Const. art. II, § 25. Because we conclude such support may be ordered, we reverse and remand the cause with directions.

From the limited record before us, it appears the child was born on January 6, 1983, and has lived with mother since that time. In September 1997, the Jefferson County Department of Social Services initiated an administrative proceeding to determine paternity and to establish child support pursuant to § 26–13.5–101, et seq., C.R.S.2000. After receiving the results of genetic testing, M.R. (father) admitted paternity.

During a negotiation conference held pursuant to § 26–13.5–105, C.R.S.2000, the parties were unable to reach an agreement concerning an appropriate award of child support. Therefore, a temporary child support order was entered, and a request for hearing in the trial court was filed. *See* § 26–13.5–105(3)(c), C.R.S.2000.

Following legal argument, the trial court construed § 19–4–116(4), together with § 14–10–115(1), C.R.S.2000 (which provides for child support "for a time period that occurred after the date of the parties' physical separation or the filing of the petition [in dissolution] or service on the respondent, whichever date is latest"). It determined that an award of child support under § 19–4–116(4) could be retroactive only to the date of the filing of the paternity proceeding. The trial court also determined that this construction did not violate equal protection because it treated unmarried parents and married parents the same.

■ After the trial court issued its order, *In re Marriage of Smith*, 7 P.3d 1012 (Colo.App.1999) was announced, which construed § 19–4–116(4) to allow an award of child support retroactive to the date of the child's birth. *See also People in Interest of J.A.E.S.*, 7 P.3d 1021 (Colo.App.2000). We conclude that § 19–4–116(4) permits an award of child support retroactive to the date of the child's birth and does not violate equal protection by treating unmarried parents differently from married parents.

■ The equal protection guarantees under the Colorado and United States Constitutions require like treatment of all who are similarly situated. *State, Department of Health v. The Mill,* 887 P.2d 993 (Colo.1994). The threshold question in an equal protection challenge is whether the legislation results in disparate treatment of similarly situated individuals. *Board of County Commissioners v. Flickinger,* 687 P.2d 975 (Colo.1984); *People in Interest of C.G.,* 885 P.2d 355 (Colo.App. 1994).

■ Thus, children born to married parents and children born to unmarried parents are entitled to support on the same basis. *Gomez v. Perez,* 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973); *Munn v. Munn,* 168 Colo. 76, 450 P.2d 68 (1969).

■ When a child is born of married parents, the husband's paternity of the child is presumed. Section 19–4–105(1)(a), C.R.S. 2000. As a result, a child born in wedlock has a legal right to support from both parents, and both parents have a duty to provide reasonable support for the child from the date of birth. *See Abrams v. Connolly,* 781 P.2d 651 (Colo.1989).

■ There is no presumption of paternity in regard to children born to unmarried parents. *See* § 19–4–105, C.R.S.2000. Instead, paternity must be adjudicated before the child's right to support can be enforced. *See People in Interest of R.T.L.,* 780 P.2d 508 (Colo.1989). Construing § 19–4–116(4) to permit retroactive child support to the date of the child's birth, as the division did in *Smith,* puts a child born of unmarried parents on a par with a child born of married parents and imposes the same duty of support on unmarried parents as that imposed on married parents. *See Munn v. Munn, supra.* Accordingly, such a construction of the statute does not have a disparate impact on father and does not violate equal protection. *See Board of County Commissioners v. Flickinger, supra; People in Interest of C.G., supra.*

While one court that has addressed this issue has reached a different conclusion, *see Valdes v. Lambert,* 568 So.2d 117 (Fla.App. 1990), several other courts have employed

reasoning similar to ours. *See Sisneroz v. Polanco,* 126 N.M. 779, 975 P.2d 392 (1999); *Goheen v. Koester,* 794 S.W.2d 830 (Tex.App. 1990); *Department of Revenue v. Roe,* 29 Mass.App.Ct. 967, 560 N.E.2d 1288 (1990). We agree with the reasoning in those cases.

The order is reversed, and the cause is remanded to the trial court for reconsideration of the child support award consistent with the views set forth herein.

Judge PLANK and Judge ROTHENBERG concur.