G. H. SWOPE BUILDING CORPORATION

*v.*

AMOS J. HORTON, JR.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

FOLTS, BISHOP & THOMAS, and McCLURE & MEYER, Chattanooga, for appellant.

MILLER, MARTIN, HITCHING & TIPTON, Chattanooga, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

Horton refused without justification, according to the allegations of the bill, to comply with his accepted offer to purchase certain realty which the complainant owned. That offer, pertinent to this suit, reads as follows:

"To make this offer valid, I herewith deposit with you the sum of $250.00, which sum, if the sale is consummated, shall be credited on the purchase price and constitute a part of the cash payment for said property. * * * Should I revoke or withdraw this offer or refuse to carry out its terms, then the owner may at his option, (1) retain the sum of money deposited which I agree shall constitute liquidated damages for my failure or refusal to abide by the terms of the offer, or (2) proceed to enforce his legal rights, if any."

Notwithstanding his retention of this $250, complainant instituted this suit for damages and alleged that:

"In view of complainant's election to pursue hereby his remedy for damages, complainant hereby agrees to credit the sum against its recovery in this cause".

The ultimate question in the suit is whether complainant's offer to credit this $250 against whatever judgment, "if any" (to use the language of the accepted offer), amounted to an election, within the terms of the accepted offer, to retain the $250, thereby barring complainant from maintaining this suit for alleged damages. Defendant's demurrer, so insisting, was sustained by the Chancellor, and the complainant allowed this appeal.

Upon the interposing of this demurrer complainant applied for leave to amend its bill by striking therefrom the above-quoted allegation, and inserting in lieu thereof the allegation that "pursuant to the aforesaid sale's contract" it had deposited this $250 with a certain named real estate broker in part payment of its commission owed to it by complainant for bringing about this sale, and that this $250 was in the hands of such broker; hence, that any statement in the bill as originally filed to the contrary of that fact was "erroneously asserted". Its prayer was that said real estate broker be made a party to the suit "so that the parties may fully determine their rights" to this $250.

This proposed amendment seeks, therefore, to substitute an allegation entirely inconsistent with the allegation of the original bill. The general rule applicable here, unless Section 21-108, T.C.A., makes a difference, is that a litigant who, "without mistake induced by the opposite party, who has taken a particular position deliberately, in the course of litigation, must act consistently with it". *Stamper v. Venable,* 117 Tenn. 557, 562, 97

S.W. 812, 813; hence, that application to make such an inconsistent amendment will be disallowed.

Section 21-108, T.C.A., provides that material amendments may be made after demurrer, but before argument, without application to the Chancellor. That was the status of the bill in this case when the proposed inconsistent amendment was filed.

If, in obedience to Section 21-108, T.C.A., notwithstanding such inconsistency, the amendment be treated as permissible, the result will be the same as that which obtains from the action of the Chancellor in decreeing a disallowance of the amendment. This is because the accepted offer was made a part of the original bill. That offer makes it obvious that the $250 was deposited with the seller without any right of a real estate broker therein in so far as the defendant, the proposed purchaser, is concerned. So, the action of complainant, seller, in putting this $250 into the hands of this broker was a voluntary act upon its part which has no effect upon the right of complainant and defendant with reference to this deposit.

In the event the defendant wrongfully refuses to go through with his offer to purchase, the complainant may retain the deposit as ''liquidated damages'' even though he be not damaged, or he may return the deposit to the proposed buyer and ''proceed to enforce his legal rights, if any''. The language of the contract does not permit any other construction. But the complainant is entitled to but one of the two alternatives.

Does the election to retain the $250 prevent the defendant from resorting to a suit ''to enforce his legal rights,

if any'', or are those alternative "legal rights" preserved by the complainant's offer to credit the $250 on any judgment which he might obtain as a result of the proceedings "to enforce his legal rights, if any"?

Precedent, in so far as the Court has been able to find, furnishes no answer to that direct question. Perhaps as near an approach to it as has been found is *Thompson et al v. Exchange Building Company,* 157 Tenn. 275, 8 S.W. 2d 489, 492, 60 A.L.R. 693, a case cited in the Chancellor's memorandum. The contract there provided that if the proposed buyer failed to comply with his offer the amount deposited by him as part of the purchase price may be retained by the seller as "liquidated damages". In so far as material to the case at bar, that opinion held that the breach by the buyer to go through with his agreement to purchase "merely gives the seller the choice of enforcing his full rights against the purchaser, or claiming the amount stipulated as liquidated damages". This holding tends to support the Chancellor's decree that, having elected to retain the $250 (which it was agreed might be retained as "liquidated damages"), the complainaint is conclusively estopped from resorting to any other remedy.

(2) Principle also seems to strongly support this conclusion. To say that the buyer may retain the $250 provided he credits it on whatever judgment he may obtain is directly contrary to the express provision of the contract that the buyer may retain such money, if he does retain it, as "liquidated damages". "Liquidated damages occur where the parties have agreed that, in case one of them shall do, or omit to do a stipulated act, the other shall receive a certain sum as the just, appropriate

and conventional amount of the damages sustained by such act or omission". *Winters v. Fleece,* 72 Tenn. 546, 550. Having retained the $250, the owner has received all the damages he is entitled to receive under the accepted offer to buy. As the Court views it, to hold otherwise would be to ignore the accepted meaning of the expression "liquidated damages".

The decree of the Chancellor will be affirmed with costs of the appeal adjudged accordingly. But the case will be remanded for such further proceedings as are appropriate with reference to so much of the bill as seeks damages alleged to have been done to the property while it was rented to defendant, appellee.