**Melody D. ASHCRAFT, Plaintiff–Appellant,**

v.

**Charles Thomas ALLIS, Defendant–Appellee.**

**No. 86CA0250.**

Colorado Court of Appeals, Div. I.

Nov. 5, 1987.

Gehler & Merrigan, Thomas E. Merrigan, Commerce City, for plaintiff-appellant.

---

Stan M. Kimble, Kiowa, for defendant-appellee.

CRISWELL, Judge.

Melody D. Ashcraft (mother) appeals the trial court order modifying the child support obligation of Charles Thomas Allis (father). Mother contends that the trial court erred as a matter of law in that it applied provisions of the Uniform Dissolution of Marriage Act, § 14-10-101, et seq., C.R.S., in modifying a previous support order entered under the Uniform Parentage Act, § 19-6-101, et seq., C.R.S. (1986 Repl. Vol. 8B). We agree and set aside the order.

The parties had a child in 1978 but did not marry. Father admitted paternity and was ordered to pay child support of $75 per month. The amount of monthly support was modified in proceedings in 1980. In 1985, mother moved for another increase in support.

After a hearing, the court modified the existing support order by increasing the amount of the support payment to $190 per month. In doing so, however, it applied the provisions of §§ 14-10-115 and 14-10-122, C.R.S., which set forth the criteria for a support order and a modification thereof under the Uniform Dissolution of Marriage Act, rather than the comparable, but different, provisions of the Uniform Parentage Act. Sections 19-6-116 and 19-7-103, C.R. S. (1986 Repl. Vol. 8B).

To modify a support order entered in a parentage action all that needs to be shown is a "change in relevant circumstances." Section 19-7-103(4), C.R.S. (1986 Repl. Vol. 8B). In contrast, modification of a support order entered in a marriage dissolution action requires proof of "changed circumstances so substantial and continuing as to make [the previous order's] terms unconscionable." Section 14-10-122(1), C.R.S.

In addition, at the time of the hearing in this case, § 14-10-115, C.R.S., set out five factors required to be considered in determining the level of support in a dissolution action, while some ten factors were required to be considered for such purpose in a parentage action. *See* § 19-6-116(5), C.R.S. (1986 Repl. Vol. 8B).

A trial court has wide discretion in matters of support. *People in Interest of A.A.T.*, 191 Colo. 494, 554 P.2d 302 (1976). However, if a district court applies the wrong legal standard in reaching its decision, its judgment will not be upheld on review. *See American National Bank v. First National Bank*, 28 Colo.App. 486, 476 P.2d 304 (1970). Application of the dissolution statute to this parentage action constituted application of an improper legal standard to the evidence presented.

Since we cannot be sure that the district court would have reached the same result had it applied the proper statutory criteria, its order is set aside and this matter is remanded to it for reconsideration. Until a new order is entered, the father shall continue to pay the amount of support ordered by the most recent order of modification.

PIERCE and METZGER, JJ., concur.