M.H.W., by her Next Friend and Natural Mother M.E.S., Plaintiff–Appellee,

v.

D.J.W., Defendant–Appellant.

No. 86CA1877.

Colorado Court of Appeals, Div. I.

June 2, 1988.

Ralph B. Rhodes, Denver, for plaintiff-appellee.

Colleen A. Miller, Boulder, for defendant-appellant.

PIERCE, Judge.

In this action under the Uniform Parentage Act, § 19–6–101, et seq., C.R.S. (1986 Repl. Vol. 8B), D.J.W. (father) appeals the juvenile court order modifying his child support obligation. We affirm.

In 1978, father acknowledged paternity of the child, M.H.W., and the juvenile court ordered him to pay child support in the amount of $75 per month. In 1984, mother filed a motion for increase of child support, alleging that the child's needs had increased and that father had the ability to pay more child support in order to meet those needs.

In December 1985, a hearing on the motion was conducted. At that time, the parties agreed to submit the matter to the juvenile court on their statements, their financial affidavits, and counsels' arguments, without submitting additional evidence or taking testimony. They also agreed to sell a jointly owned house to enable them better to support the child.

In July 1986, the juvenile court granted the motion to increase child support. On the information before it, the juvenile court found that father was able to earn more income and that the parties would be better

able to support the child when they sold the house. It then ordered father to pay child support in the amount of $150 per month from December 25, 1985, until the earlier of either December 25, 1986, or the sale of the house, at which time father's support obligation was to increase to $250 per month.

## I.

Father contends that the juvenile court erred in failing to apply § 14–10–122(1), C.R.S. (1987 Repl. Vol. 6B) as the means of determining whether child support should be modified. He also contends that the juvenile court abused its discretion in ordering child support to increase upon sale of the house and that the findings were insufficient to support the increase in child support. We disagree.

 Modification of a child support order entered in a parentage action is governed by § 19–7–103(4), C.R.S. (1986 Repl. Vol. 8B), which requires a showing of a "change in relevant circumstances." *Ashcraft v. Allis*, 747 P.2d 1274 (Colo.App. 1987). Among the circumstances relevant to modification of child support are the needs of the child, the relative financial means of the parents, and the earning ability of the parents. *See* § 19–6–116(5), C.R.S. (1986 Repl. Vol. 8B). A juvenile court has wide discretion in determining awards of child support, and its decision will not be disturbed absent an abuse of discretion. *People in Interest of A.A.T.*, 191 Colo. 494, 554 P.2d 302 (1976); *Ashcraft v. Allis, supra.*

The juvenile court's findings show that it properly considered father's earning ability and the parties' agreement to sell the house in determining whether an increase in child support was warranted. *See* §§ 19–6–116(5) and 19–7–103(4), C.R.S. (1986 Repl. Vol. 8B). Thus, we find no abuse of discretion in its order increasing child support. *See Ashcraft v. Allis, supra.*

## II.

Father next contends that the order must be reversed because of the undue delay between the date of the hearing and the date the juvenile court issued its order. However, father has failed to show any prejudice occasioned by the delay; thus, he has failed to establish reversible error. *See People in Interest of A.A.T., supra.*

## III.

Finally, we reject father's contention that mother's failure to file a responsive pleading to his post-trial motion, which was deemed denied under C.R.C.P. 59(j), must be considered a confession of the motion. A trial court may, in its discretion, consider a party's failure to file a responsive pleading a confession of a motion. *See* C.R.C.P. 121 § 1–15(3). However, we find no abuse of discretion in the juvenile court's declining to do so here.

Mother's request for attorney fees under C.A.R. 38(d) is denied.

Order affirmed.

TURSI and PLANK, JJ., concur.