Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 11, 2017

**2017 CO 83**

**No. 16SC224, <u>Ravenstar v. One Ski Hill Place</u>—Freedom of Contract—Liquidated Damages Clauses—Contractual Damages.**

In this case, the supreme court considers whether a liquidated damages clause in a contract is invalid because the contract gives the non-breaching party the option to choose between liquidated damages and actual damages.  The supreme court concludes that such an option does not invalidate the clause and instead parties are free to contract for a damages provision that allows a non-breaching party to elect between liquidated damages and actual damages.  However, such an option must be exclusive, meaning a party who elects to pursue one of the available remedies may not pursue the alternative remedy set forth in the contract.  Therefore, under the facts of this case, the liquidated damages clause in the contracts at issue is enforceable.  Accordingly, the supreme court affirms the judgment of the court of appeals.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

---

**2017 CO 83**

---

**Supreme Court Case No. 16SC224**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA2401

---

**Petitioners:**

Ravenstar, LLC, a Colorado limited liability company; The Chips, LLC, a Colorado limited liability company; Let-R-Buck, LLC, a Colorado limited liability company; A Rockin Place to Ski, LLC, d/b/a One Rockin Place to Ski, LLC, a Colorado limited liability company; and Rockin OSHP, LLC, a Colorado limited liability company,

v.

**Respondent:**

One Ski Hill Place, LLC, a Colorado limited liability company.

---

**Judgment Affirmed**
*en banc*
September 11, 2017

**Attorneys for Petitioners:**
Glover Law Office, LLC
Douglas A. Glover
  *Castle Rock, Colorado*

BuxmanKwitek, P.C.
Linda McMillan
  *Pueblo, Colorado*

**Attorneys for Respondent:**
Brownstein Hyatt Farber Schreck, LLP
Jonathan G. Pray
  *Denver, Colorado*

Bryan Cave LLP
Michael J. Hofmann
  *Denver, Colorado*

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.

¶1    This case requires us to determine whether a liquidated damages clause in a contract is invalid because the contract gives the non-breaching party the option to choose between liquidated damages and actual damages.[1]  We hold that such an option does not invalidate the clause and instead parties are free to contract for a damages provision that allows a non-breaching party to elect between liquidated damages and actual damages.  However, such an option must be exclusive, meaning a party who elects to pursue one of the available remedies may not also pursue the alternative remedy set forth in the contract.  Therefore, under the facts of this case, we conclude that the liquidated damages clause in the contracts at issue is enforceable.

## I.  Facts and Procedural History

¶2    In 2008, Petitioners, five Colorado companies, entered into separate contracts (the "Agreements") to buy to-be-built condominium units from Respondent, developer One Ski Hill Place, LLC ("OSHP").  Petitioners paid earnest money and construction deposits of fifteen percent of the purchase price of each unit.  But Petitioners were unable to obtain financing and failed to close by the agreed-upon 2010 deadline, thereby breaching the Agreements.

¶3    Each Agreement contains an identical provision governing default (the "Damages Provision"), which provided, in sum, that if a purchaser of a unit defaulted, then OSHP had the option to retain all or some of the paid deposits as liquidated

_____

[1] We granted certiorari to review the following issue:

> Whether a liquidated damages clause is enforceable when the contract allows the injured party to choose between liquidated damages and actual damages.

damages or, alternatively, to pursue actual damages and apply the deposits toward that award. The Damages Provision in full stated:

> If Purchaser defaults in the performance of any obligation under this Agreement . . . Seller shall have the right to terminate this Agreement and shall be entitled to <u>retain all or a portion of the Earnest Money and Construction Deposit</u> . . . <u>as liquidated damages</u> ("Seller's Liquidated Damages"). <u>Alternatively and in lieu of</u> Seller's Liquidated Damages, Seller may elect to terminate this Agreement and <u>recover its actual damages</u> resulting from Purchaser's default calculated in accordance with Colorado law, in which case Seller may seek an award of such actual damages and may retain an amount equal to the Earnest Money and Construction Deposit and apply such funds toward satisfaction of any such award. If Seller elects to seek actual damages, Seller must provide Purchaser with written notice of such election within 30 days after the end of Purchaser's cure period, and if Seller fails to provide such notice, then Seller will only be entitled to Seller's Liquidated Damages.

(Emphasis added.)

¶4 After Petitioners defaulted and breached the Agreements, OSHP chose to keep the full deposits as liquidated damages. Petitioners then filed this case against OSHP, seeking the return of their deposits.[2]

¶5 OSHP filed a motion for summary judgment. In response, Petitioners contended that the Damages Provision in the Agreements was unenforceable because the Provision gave OSHP the option to choose liquidated damages or actual damages. Therefore, Petitioners argued, the parties did not mutually intend to liquidate damages, as Colorado law requires. The trial court rejected this argument, ruling that the parties mutually intended to liquidate damages as a matter of law. Nonetheless, the trial court denied summary judgment to OSHP because disputed issues of material fact remained

---

[2] Whether OSHP's actual damages were less than the liquidated damages was never litigated before the trial court and does not affect our analysis today.

as to whether the amount of liquidated damages was reasonable and whether actual damages would have been difficult to ascertain, both requirements of an enforceable liquidated damages provision.

¶6    Petitioners then stipulated that the amount of liquidated damages was reasonable and that actual damages were difficult to ascertain, thereby resolving the remaining disputed issues of fact. The trial court entered judgment in favor of OSHP, and Petitioners appealed. A division of the court of appeals affirmed the trial court's judgment and orders and held that the "mere presence of an option to elect between liquidated damages and actual damages does not render the liquidated damages clause unenforceable." Ravenstar LLC v. One Ski Hill Place LLC, 2016 COA 11, ¶ 12, ___ P.3d ___, reh'g denied (Colo. App. Feb. 25, 2016). Specifically, the division concluded that optional liquidated damages clauses do not necessarily operate as a penalty, nor did the clause here operate as a penalty under the facts of this case. Id. at ¶¶ 32–33. We granted certiorari.

## II. Analysis

¶7    The issue before this court is narrow and straightforward: whether a liquidated damages clause in a contract is invalid because the contract gives the non-breaching party the option to choose between liquidated damages and actual damages. Petitioners argue that a liquidated damages clause in such a contract is invalid as a matter of law because an option to select between remedies necessarily means that the parties did not intend to liquidate damages and thus the liquidated damages clause operates as an invalid penalty. We disagree and instead conclude that, as a matter of

4

freedom of contract, a liquidated damages clause is enforceable when the contract allows the injured party to choose between liquidated damages and actual damages.

¶8    To reach this conclusion, we first address the applicable law regarding liquidated damages. Next, we consider principles of freedom of contract and hold that parties are free to contract for a damages provision that allows a non-breaching party to elect between liquidated damages and actual damages, but that such an option must be exclusive, meaning a party who elects to pursue one of the available remedies may not pursue the alternative remedy set forth in the contract. We then apply our holding to this case and conclude that the liquidated damages clause of the Damages Provision in the Agreements is enforceable. Finally, we consider how other jurisdictions have addressed whether a liquidated damages clause is enforceable when the contract allows for alternative remedies, and determine that we are unpersuaded by the reasoning of jurisdictions coming to conclusions contrary to our own.

## A. Standard of Review

¶9    The enforceability of a liquidated damages clause of a contract presents a question of law which we review de novo. See Union Ins. Co. v. Houtz, 883 P.2d 1057, 1061 (Colo. 1994) (holding that interpretation of a contract is a question of law which is reviewed de novo).

## B. Liquidated Damages in General

¶10    A liquidated damages provision is valid and enforceable if three elements are met: (1) "the parties intended to liquidate damages"; (2) "the amount of liquidated damages, when viewed as of the time the contract was made, was a reasonable estimate

5

of the presumed actual damages that the breach would cause"; and (3) "when viewed again as of the date of the contract, it was difficult to ascertain the amount of actual damages that would result from a breach." Klinger v. Adams Cty. Sch. Dist. No. 50, 130 P.3d 1027, 1034 (Colo. 2006) (quoting Rohauer v. Little, 736 P.2d 403, 410 (Colo. 1987)). If any one of the elements is not met, the provision is an invalid penalty. Id. A penalty differs from a liquidated damages clause because "a penalty is designed to punish for a breach of contract[,] whereas liquidated damages are intended as fair compensation for the breach." 25A C.J.S. Damages § 200 (2016).

¶11 Here, the parties stipulated that the second and third elements of the test were satisfied. Thus, the only contested element is whether the parties intended to liquidate damages. The presence of a liquidated damages provision "itself is evidence of the parties' intention to liquidate damages in advance." Oldis v. Grosse-Rhode, 528 P.2d 944, 947 (Colo. App. 1974); see also O'Hara Grp. Denver, Ltd. v. Marcor Hous. Sys., Inc., 595 P.2d 679, 683 (Colo. 1979) (holding that "on the basis of the contracts," the parties intended to liquidate damages). But we have never determined whether the presence of an alternative damages remedy negates the required intent to liquidate damages and therefore invalidates a liquidated damages clause. The parties cite to a number of court of appeals cases to support their respective positions, however, none of the cited cases is on point. Instead, we turn to existing Colorado law on freedom of contract and apply this framework to the case before us.

## C. Freedom of Contract

¶12    We recognize a strong policy of freedom of contract.  See Constable v. Northglenn, LLC, 248 P.3d 714, 718 (Colo. 2011) ("Strong policy considerations favoring freedom of contract generally permit business owners to allocate risk amongst themselves as they see fit."); City & Cty. of Denver v. Dist. Court, 939 P.2d 1353, 1361 (Colo. 1997) ("The right of parties to contract freely is well developed in our jurisprudence."); accord Steele v. Drummond, 275 U.S. 199, 205 (1927) ("[I]t is a matter of great public concern that freedom of contract be not lightly interfered with."). Implicit in this recognition is the principle that Chief Justice Rovira eloquently articulated more than twenty-five years ago: "Contracts between competent parties, voluntarily and fairly made, should be enforceable according to the terms to which they freely commit themselves."  Keller v. A.O. Smith Harvestore Prods., Inc., 819 P.2d 69, 75 (Colo. 1991) (Rovira, C.J., dissenting).  Accordingly, "we must construe contracts in a way that best effectuates the intent of the parties and allows each party to receive the benefit of the bargain."  Allstate Ins. Co. v. Avis Rent-A-Car Sys., Inc., 947 P.2d 341, 346 (Colo. 1997).

¶13    Moreover, the very notion of a contract includes the enforceability of mutually bargained-for duties and risks.  See Town of Alma v. AZCO Constr., Inc., 10 P.3d 1256, 1264 (Colo. 2000) ("Contract law is intended to enforce the expectancy interests created by the parties' promises so that they can allocate risks and costs during their bargaining.").  And "[a]n essential corollary of the concept of bargained-for duties is bargained-for liabilities for failure to perform them.  Important to the vitality of contract

7

is the capacity voluntarily to define the consequences of the breach of a duty before assuming the duty." Isler v. Tex. Oil & Gas Corp., 749 F.2d 22, 23 (10th Cir. 1984).

¶14 Applying these principles, we conclude that the parties here were free to bargain for liquidated damages as a sole and exclusive remedy, but they did not, and instead bargained for the risk allocation memorialized in the Damages Provision currently in the Agreements. Striking the option to liquidate damages in the Damages Provision, like Petitioners encourage, would be antithetical to the principles of freedom of contract and would require us to restructure the contract, which we are reluctant to do. See Roberts v. Adams, 47 P.3d 690, 694 (Colo. App. 2001) ("The court's duty is to interpret and enforce contracts as written, not to rewrite or restructure them.").

¶15 The freedom to contract for the alternative damages remedies of liquidated damages and actual damages does not negate the parties' intent to liquidate damages. All that this court requires is that "the parties intended to liquidate damages." Klinger, 130 P.3d at 1034. An intent to liquidate damages should not be conflated with an intent to liquidate damages as the sole and exclusive remedy. The parties must only mutually intend to make liquidated damages one of the available remedies that the non-breaching party could pursue. So long as the parties mutually intend the stipulated sum to be the agreed-upon measure of damages if the non-breaching party elects liquidated damages, the mutual intent element of Klinger is satisfied. Therefore, the mere presence of an option to seek either liquidated damages or actual damages does not render the liquidated damages clause invalid as a matter of law.

¶16    However, such an option must be exclusive.  In other words, a provision that allows a non-breaching party to pursue liquidated or actual damages must only allow the non-breaching party to pursue one of those options.[3]  If the non-breaching party elects to pursue the liquidated damages set forth in the contract, it may not in addition pursue the alternative actual damages remedy set forth therein.  Otherwise, an election to pursue liquidated damages would function as an invalid penalty.

¶17    Here, by providing in the Agreements that OSHP "shall be entitled to retain all or a portion of the Earnest Money and Construction Deposit . . . as liquidated damages," the parties clearly mutually intended both that liquidated damages be one of the available remedies OSHP could pursue and that the stipulated sum (i.e., the Earnest Money and Construction Deposit) be the agreed-upon measure of damages if OSHP elected to pursue liquidated damages.  Therefore, the liquidated damages clause of the Damages Provision before us is enforceable, meaning OSHP properly retained Petitioners' full deposits.

### D.  Other Jurisdictions

¶18    In support of their position that the option to choose between actual damages and liquidated damages renders a liquidated damages clause unenforceable by negating the intent element of the liquidated damages test, the Petitioners point to a

---

[3] This comports with Richard A. Lord's observation in Williston on Contracts.  There, he points out that courts that allow parties to choose between pursuing liquidated damages or actual damages have also determined that the party "who opts to proceed under a valid liquidated damages provision may not in addition pursue other rights." 24 Richard A. Lord, Williston on Contracts § 65:32 (4th ed. 2002); see, e.g., McEnroe v. Morgan, 678 P.2d 595, 603 (Idaho Ct. App. 1984) (holding that where a party elects to retain liquidated damages, it is not entitled to recover other damages).

variety of out-of-state cases. Notably, they point to <u>Lefemine v. Baron</u>, 573 So. 2d 326, 329 (Fla. 1991), in which the Florida Supreme Court held that such an option "indicates an intent to penalize the defaulting buyer and negates the intent to liquidate damages in the event of a breach." They also reference <u>Grossinger Motorcorp, Inc. v. American National Bank & Trust Co.</u>, 607 N.E.2d 1337, 1346 (Ill. App. Ct. 1992), where the Illinois Appellate Court held that "[o]n its face, the optional nature of the liquidated damages clause shows that the parties never intended to establish a specific sum to constitute damages in the event of a breach." There, the court reasoned that "if such an optional provision were enforceable, it would be invoked only as a penalty when the liquidated damages exceeded the actual damages." <u>Id.</u> at 1347. Both courts then struck the optional liquidated damages clause and allowed the non-breaching parties to recover only actual damages resulting from the breach.[4] See <u>Lefemine</u>, 573 So. 2d at 329; <u>Grossinger</u>, 607 N.E.2d at 1347.

¶19    Richard A. Lord in <u>Williston on Contracts</u> has summarized the philosophy of these and other courts, noting that:

> Courts examining such provisions have held that the option has the effect of rendering the provision an unenforceable penalty, on the basis that the option negates the possibility that the parties intended, in agreeing to the provision, to establish a specific sum payable in respect of a breach, and instead intended the provision to be operative only where the deposit

---

[4] These courts did note that an optional liquidated damages clause is enforceable if the other remedies are nonmonetary or equitable. <u>See, e.g.</u>, <u>Grossinger</u>, 607 N.E. at 1346; <u>Lefemine</u>, 573 So. 2d at 330 n.5 (explaining that its decision to invalidate such an option did not necessarily "imply that a liquidated damages clause which merely provided the option of pursuing equitable remedies would be unenforceable"). This issue is not before us.

10

> exceeded the actual damages incurred, establishing the implication that the parties intended to punish the defaulting party.

24 Richard A. Lord, Williston on Contracts § 65:24 (4th ed. 2002).

¶20 However, we do not find the reasoning of such courts persuasive. These courts have assumed that the non-breaching party would choose the remedy of liquidated damages only when actual damages are lower than the stipulated sum and thereby inferred "an intent to penalize the defaulting buyer." See Lefemine, 573 So. 2d at 329. However, a non-breaching party might instead reasonably choose to retain liquidated damages even though actual damages may be higher for two primary reasons.

¶21 First, whereas actual damages must be proved, liquidated damages offer certainty. Here, for example, at the time OSHP had to elect between remedies, the ultimate actual damages were difficult to ascertain because the real estate being sold was a condominium unit in a yet-to-be-constructed building. Thus, electing liquidated damages provided certainty of relief that may not have otherwise been available. Second, the non-breaching party may prefer to forgo the possibility of lengthy and costly litigation involved in seeking actual damages. This is particularly true where, as here, the liquidated damages consist of money already paid to the seller. Because, at the time of breach, the non-breaching party may not know its actual damages without engaging in time-consuming and expensive fact and expert discovery, electing liquidated damages avoids this time and cost expenditure.

¶22 Instead, we agree with other jurisdictions that have found no issue with the presence of an option for both liquidated and actual damages in a contract. For

11

example, we find more persuasive the reasoning of courts such as the Washington Court of Appeals which enforced a contractual clause that permitted liquidated damages as one of multiple alternate remedies, including actual damages, on the ground that the right to pursue any of the remedies was specifically reserved in the contract. Noble v. Ogborn, 717 P.2d 285, 286 (Wash. App. 1986);[5] see also, Sampson v. McAdoo, 425 A.2d 1, 3 (Md. Ct. Spec. App. 1981); G.H. Swope Bldg. Corp. v. Horton, 338 S.W.2d 566, 568 (Tenn. 1960); Sheffield v. Paul T. Stone, Inc., 98 F.2d 250, 252 (D.C. Cir. 1938). Lord summarizes the position of these courts noting that they have found "the issue as one to be determined by the parties in their agreement, and have treated clearly expressed rights of parties to choose between retaining deposits or amounts previously paid on sales contracts as liquidated damages and pursuit of other remedies as valid." 24 Richard A. Lord, Williston on Contracts § 65:32 (4th ed. 2002). Ultimately, this line of cases better comports with our well-established precedent regarding

_____

[5] Other courts have similarly turned to freedom of contract principles to determine that granting a non-breaching party a contractual option to pursue liquidated damages does not waive the party's option to alternatively pursue other remedies, even if the remedies were not specifically preserved in the contract. See, e.g., Royer v. Carter, 233 P.2d 539, 542 (Cal. 1951) (holding that the presence of a liquidated damages clause did not prevent the seller from seeking actual damages because the buyer "did not enter into the contract under the mistaken belief that the clause giving an optional remedy to [the seller] also limited [the buyer's] liability"); Margaret H. Wayne Tr. v. Lipsky, 846 P.2d 904, 908–09 (Idaho 1993) (holding that a contract granting a seller the right to retain earnest money as liquidated damages without "a waiver of other remedies" was optional and preserved all other remedies available to the seller); see also Smith v. King, 722 P.2d 796, 800 (Wash. 1986) (holding that a liquidated damages clause providing that the seller "may elect" to retain earnest money as liquidated damages gave the seller the option to either seek liquidated damages or sue for actual damages).

freedom of contract. Accordingly, we are unpersuaded by the Petitioners' claim that reasoning from other jurisdictions should change our conclusion today.

### III. Conclusion

¶23 For the foregoing reasons, we affirm the judgment of the court of appeals.