23CA1190 World v Hill 09-12-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1190
City and County of Denver District Court No. 22CV30028
Honorable Shelley I. Gilman, Judge

World Capital Brokerage, Inc.,

Plaintiff-Appellant,

v.

Howard Schall Hill,

Defendant-Appellee.

ORDER AFFIRMED

Division VII
Opinion by JUDGE KUHN
Tow and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 12, 2024

von Gunten Law LLC, David von Gunten, Denver, Colorado, for Plaintiff-Appellant

Haddon, Morgan and Foreman, P.C., Jacob McMahon, Denver, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, World Capital Brokerage, Inc. (WCB), appeals the district court's order awarding attorney fees to defendant, Howard Schall Hill.  We affirm.

## I.     Background

¶ 2     This protracted dispute relates to WCB's decision to fire Hill as a registered representative and investment adviser following Hill's admission that he had altered the expiration date of a customer's driver's license on a new account application form.  After WCB reported the reason for Hill's termination in a Form U5 that it filed with the Financial Industry Regulatory Authority (FINRA), Hill sought to expunge this disclosure by initiating arbitration under FINRA's rules.  In response, WCB filed its "Statement of Answer, Motion to Dismiss, and Request for Award of Attorney's Fees."  WCB asserted that Hill's conduct violated certain contracts the parties had entered into when Hill joined the company.  And under those contracts, WCB argued, Hill was required to compensate WCB for attorney fees it incurred in the arbitration proceeding.  The arbitrator granted Hill's expungement request and denied WCB's claim and request for attorney fees.

¶ 3     Less than three weeks later, WCB reasserted its breach of contract claim in Denver District Court.  Hill moved for summary judgment, arguing that because the issue of attorney fees had already been decided in the arbitration, WCB was collaterally estopped from relitigating it in court.  Hill also contended that because WCB's claim lacked substantial justification, he was entitled to recover attorney fees and costs incurred in defending against the lawsuit.  The district court agreed with Hill on both counts, granting his motion for summary judgment.

¶ 4     Hill then filed a timely motion seeking an award of $42,684.50 in attorney fees and $579 in costs.  Shortly thereafter, WCB appealed the district court's order granting summary judgment to Hill.  A motions division of this court dismissed parts of WCB's appeal challenging the district court's fee award.  *World Cap. Brokerage, Inc. v. Hill*, (Colo. App. No. 22CA2221, July 7, 2023) (unpublished order).  The motions division reasoned that because the district court had yet to determine the amount of fees and costs Hill was entitled to recover, the fee award didn't constitute a final, appealable order.  *Id.*

¶ 5     A separate division of this court heard the merits appeal of the summary judgment order. That division affirmed the district court's ruling that WCB's breach of contract claim was barred under the doctrine of collateral estoppel. *World Cap. Brokerage, Inc. v. Hill,* slip op. at ¶ 29 (Colo. App. No. 22CA2221, Jan. 18, 2024) (not published pursuant to C.A.R. 35(e)).

¶ 6     In the meantime, the district court reduced the fee award to a sum certain. After holding an evidentiary hearing on the reasonableness of the amounts Hill claimed, the court awarded the requested $579 in costs and a reduced $27,403.63 in attorney fees.

## II.     Analysis

¶ 7     WCB challenges the fee award on the grounds that the district court erred when it determined that (1) Hill was entitled to attorney fees because WCB's underlying claim lacked substantial justification and (2) the awarded amounts were reasonable. We decline to address the first argument because it's waived, and we disagree with WCB's second contention.

## A. WCB Waived the Issue of Whether its Claim Lacked Substantial Justification

¶ 8     WCB contends that the district court erred when it determined that its breach of contract claim lacked substantial justification, entitling Hill to a fee award under section 13-17-102, C.R.S. 2024. Hill argues in response that this issue is waived and that we should decline to address it on the merits.

¶ 9     In his motion for summary judgment, Hill contended that he was entitled to recover his attorney fees for defending against WCB's claim because, among other things, that claim lacked substantial justification.  Specifically, Hill argued that WCB's action was "substantially vexatious as defined by [section] 13-17-102(4) because it [was] designed to irritate and annoy [him] in the hopes of forcing a settlement from, or judgment against, [him] with no basis now that it's [a] claim [that] has been adjudicated according to the terms WCB agreed to."

¶ 10    WCB's response only addressed the merits issues in the motion.  WCB argued that the relevant contracts were enforceable and that collateral estoppel didn't apply because the arbitration

proceedings didn't satisfy all elements of that doctrine.[1]  However, it failed to address Hill's attorney fee request.  The district court considered this lack of response when granting the request: "Noting that WCB does not challenge Mr. Hill's basis for [his] request of attorney fees, the Court grants [Hill's] request after consideration of the factors in [section 13-17-103, C.R.S. 2024]."

¶ 11    WCB then filed a motion for reconsideration under C.R.C.P. 59, arguing that its opposition to the application of collateral estoppel operated as an objection to Hill's attorney fee request. WCB's attorney added that because an argument under section 13-17-102 is routinely asserted, counsel "seldom addresses an opposing party's claim for fees when based on the argument that fees are allowed because the arguments lack substantial

---

[1] Specifically, WCB contended that collateral estoppel didn't apply because the issue of WCB's entitlement to arbitration-related attorney fees wasn't necessarily adjudicated in the arbitration, and WCB didn't have a full and fair opportunity to litigate that issue in the prior proceeding.  *See Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999) (listing elements of collateral estoppel).  Like the district court, the division of this court rejected WCB's arguments.  *See World Cap. Brokerage, Inc. v. Hill*, slip op. at ¶¶ 18-29 (Colo. App. No. 22CA2221, Jan. 18, 2024) (not published pursuant to C.A.R. 35(e)).

justification and [are] frivolous." WCB repeats this argument on appeal in support of preservation.[2] We're not persuaded.

¶ 12 Hill made a request for attorney fees that was separate and distinct from the substantive issues of breach of contract and collateral estoppel in the motion for summary judgment. In support of his argument that WCB's suit was substantially vexatious under section 13-17-102, he contended that several factors contained in section 13-17-103 applied to the case. Specifically, Hill argued that (1) WCB had access to facts necessary to determine the validity of its breach of contract claim; (2) WCB was in a superior financial position; (3) WCB "presented claims and pleading[s] in bad faith throughout this proceeding"; and (4) no facts impacting the validity of WCB's claim were reasonably in conflict. *See* § 13-17-103(1)(c)-(f).

¶ 13 WCB completely failed to address Hill's claim for attorney fees in its response, let alone his specific arguments under sections 13-17-102 and -103 that ultimately constituted the basis for the

---

[2] WCB is represented by the same counsel on appeal as it was in the district court.

court's fee award. While the district court determined that collateral estoppel applied to WCB's breach of contract claim, that wasn't the basis of the court's determination that WCB's action lacked substantial justification. Nor did the court make its determination based solely on WCB's failure to respond to the argument.

¶ 14 Instead, the district court considered the statutory factors when granting Hill's request. The court found that WCB's suit lacked substantial justification because even though WCB was aware of facts impacting the validity of its claim, it nonetheless "chose to commence and continue this action against Mr. Hill with knowledge of those facts, which were determinative of the validity of WCB's claim and were not reasonably in conflict."

¶ 15 In its reply brief, WCB argues in favor of preservation. It says that "[i]t can only be left to the imagination how a party can contest the relief sought by an opponent by summary judgment, and seek its own contrary relief, but then somehow not be deemed to object to a claim for fees." But this misses the point. A party must do more than just object; it must also give the district court its arguments in support of its objection. *See Colo. Permanente Med.*

*Grp., P.C. v. Evans*, 926 P.2d 1218, 1228 (Colo. 1996); *see also Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1188 n.4 (Colo. App. 2011) ("A party's mere opposition to its adversary's request . . . does not preserve all potential avenues for relief on appeal. We review only the specific arguments a party pursued before the district court.").

¶ 16    Even if the district court had inferred that WCB *would object* to fees, a nonresponse doesn't give the district court a *basis* for that objection. Because WCB didn't address any of the statutory factors in its briefing on the motion for summary judgment, the court had no opportunity to consider whether WCB was nonetheless substantially justified in bringing the lawsuit. *See Cuevas v. Pub. Serv. Co. of Colo.*, 2023 COA 64M, ¶ 35 n.3 (noting that although parties are not required to use "talismanic language" to preserve issues for appeal, the district court must be presented with an adequate opportunity to make findings of fact and conclusions of law on the issue (quoting *People v. Melendez*, 102 P.3d 315, 322 (Colo. 2004))) (*cert. granted in part* July 1, 2024).

¶ 17    "It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal." *Melat,*

*Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C.*, 2012 CO 61,

¶ 18. When a party fails to advance an argument in the district court, that argument is generally waived. *Id.* Under the circumstances of this case, then, we conclude that WCB waived this issue. We thus decline to address it further.[3]

B.    The Amount of the Fee Award is Reasonable

¶ 18    WCB next contends that the district court erred by awarding Hill $27,982.63 in attorney fees and costs because (1) the award was based in part on supporting documentation that was hearsay

---

[3] To the extent WCB argues that it preserved this issue in its motion for reconsideration, we disagree. *See Fid. Nat'l Title Co. v. First Am. Title Ins. Co.*, 2013 COA 80, ¶ 51 (noting that a defense raised for the first time in a post-trial motion under C.R.C.P. 59 isn't preserved for appellate review). We also note the significant risks inherent in counsel's longstanding practice of not addressing similar attorney fee requests. *See M.H.W. v. D.J.W.*, 757 P.2d 1129, 1130 (Colo. App. 1988) ("A trial court may, in its discretion, consider a party's failure to file a responsive pleading a confession of a motion."); *Weize Co. v. Colo. Reg'l Constr., Inc.*, 251 P.3d 489, 493-94 (Colo. App. 2010) (motion for discovery sanctions properly deemed confessed where party failed to respond); *see also Avicanna Inc. v. Mewhinney*, 2019 COA 129, ¶ 25 ("Waiver is the intentional relinquishment of a known right.").

and wasn't admitted at the hearing and (2) the amount of the award is unreasonable.[4]  We perceive no error.

### 1.    Relevant Law and Standard of Review

¶ 19    An attorney fee award must be reasonable.  *Crow v. Penrose-St. Francis Healthcare Sys.*, 262 P.3d 991, 998 (Colo. App. 2011).  To determine whether the award is reasonable, the district court calculates a "lodestar" amount, which represents the number of hours reasonably expended on the case multiplied by a reasonable hourly rate.  *See Payan v. Nash Finch Co.*, 2012 COA 135M, ¶ 18.  The lodestar amount "carries with it a strong presumption of reasonableness."  *Id.*

---

[4] To the extent WCB contends that Hill's supporting documentation was inadmissible because it wasn't properly authenticated, we note that WCB failed to object on that ground during the hearing. Specifically, WCB argued that the documentation implicated "other foundational issues" but didn't specify whether it was objecting on authentication grounds.  Consequently, this issue is also not preserved for appellate review, and we decline to address it further. *See People in Interest of O.J.S.*, 844 P.2d 1230, 1233 (Colo. App. 1992), *aff'd sub nom. D.A.S. v. People*, 863 P.2d 291 (Colo. 1993); *see also McLaughlin v. BNSF Ry. Co.*, 2012 COA 92, ¶ 9 n.1 ("It is axiomatic that an appellate court considers only the specific grounds on which a party objected to evidence's admission in the district court.").

¶ 20     Then, the court may adjust the lodestar amount upward or downward by applying the factors contained in Rule 1.5 of the Colorado Rules of Professional Conduct. *Accetta v. Brooks Towers Residences Condo. Ass'n*, 2021 COA 147M2, ¶ 44. Those factors include, as relevant here, (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the fee customarily charged in the locality for similar services; (3) the results obtained; and (4) the experience, reputation, and ability of the lawyer performing the services. Colo. RPC 1.5(a). The court may also consider other factors, such as the amount in controversy, the amount of damages sought, and the amount of damages recovered. *Id.*; *Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 148 (Colo. App. 1996).

¶ 21     We review the reasonableness of the amount of an attorney fee award for an abuse of discretion. *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 608 (Colo. App. 2008); *see also* § 13-17-103(1) ("In determining the amount of an attorney fee . . . award, the court shall exercise sound discretion."). "A district court abuses its discretion if the award is manifestly arbitrary, unreasonable, or

11

unfair." *Ravenstar LLC v. One Ski Hill Place LLC*, 2016 COA 11,

¶ 40, *aff'd*, 2017 CO 83. "Accordingly, a trial court's determination

of a reasonable attorney fee award will generally not be disturbed

on review unless it is patently erroneous and unsupported by the

evidence."[5] *Planning Partners Int'l, LLC v. QED, Inc.*, 2013 CO 43,

¶ 12.

## 2.    Discussion

¶ 22    In his motion for attorney fees and costs, Hill sought to recover

the amounts he was charged by Bonifazi & Associates, P.C., and his

prior counsel — HLBS Law and AdvisorLaw, LLC.  Specifically, Hill

---

[5] We note that WCB's opening brief doesn't include the applicable standard of review for this issue.  *See* C.A.R. 28(a)(7)(A) (providing that an appellant's opening brief must identify the applicable standard of review "under a separate heading placed before the discussion of each issue").  Instead, WCB provides a single standard of review for all issues presented in this appeal and argues that we should review them de novo because "[t]he issues in this case were decided by the Court's Order granting summary judgment to [Hill]." But while the court entered the fee award in its order granting Hill's motion for summary judgment, that fact doesn't determine the status of the award or the applicable standard of review.  *See Axtell v. Park Sch. Dist. R-3*, 962 P.2d 319, 322 (Colo. App. 1998) (noting that an award of fees in a summary judgment order is not final until the amount of fees is determined); *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 608 (Colo. App. 2008) (reviewing attorney fee award for an abuse of discretion).

claimed that by the time the court granted his motion for summary judgment, his prior counsel had charged him $38,568.50 in attorney fees and $540 in costs. He additionally claimed $4,116 in fees and costs from Bonifazi & Associates.[6] In support of these amounts, Hill attached affidavits from Dan Bonifazi and Owen Harnett, HLBS's founder and managing attorney. Harnett's affidavit addressed HLBS's and AdvisorLaw's fees and costs, including the rates charged and work performed. Harnett's affidavit asserted that the claimed amounts were necessary and reasonable. In addition to the affidavits, Hill also attached billing statements he received from each counsel.

¶ 23    The district court awarded a portion of the claimed amounts. It awarded Hill $3,346.38 in attorney fees that Bonifazi & Associates charged him and $24,057.25 in fees that HLBS charged him. It denied all fees pertaining to AdvisorLaw. The court also

---

[6] While the motion stated that Bonifazi & Associates charged $4,116 in attorney fees, the accompanying affidavit reflected $2,607 in attorney fees and $1,470 in paralegal fees, for a total of $4,077. The remaining $39 represented the filing costs that were passed through to Hill.

awarded him his full costs. WCB only challenges the award of HLBS's fees and costs.

¶ 24 First, WCB asserts that "[t]he evidence at the hearing did not justify the amount of the fee award" because Hill only introduced documentary evidence regarding HLBS's fees, which was inadmissible hearsay. In support, WCB points out that Hill failed to present any testimony about whether those fees were necessary and reasonable. Consequently, WCB argues that "[s]ince the fees and costs of [Hill's] prior counsel were never established as reasonable and necessary, and any documentary evidence of the[ir] billings [was] inadmissible because [it was] hearsay, no fees should have been awarded from prior counsel." We're not persuaded.

¶ 25 True, neither an expert nor anyone from HLBS testified at the evidentiary hearing. But WCB doesn't provide a compelling argument as to why such testimony was required before the court could make its reasonableness determination.

¶ 26 WCB also doesn't direct us to any legal authority — and we are aware of none — stating that the hearsay doctrine prohibits a court from considering documents submitted in support of an attorney fee motion unless they are also admitted into evidence at a

14

hearing. To the contrary, C.R.C.P. 121, section 1-22, specifically contemplates a court utilizing affidavits and supporting documentation to evaluate fee requests. The rule provides that a motion for an award of attorney fees "shall be accompanied by any supporting documentation, including materials evidencing the attorney's time spent, the fee agreement between the attorney and client, and the reasonableness of the fees." C.R.C.P. 121, § 1-22(2)(b). And while this rule allows a party to request an evidentiary hearing on the reasonableness of the requested fees — as WCB did here — it doesn't suggest that a hearing request precludes a court from considering the supporting documentation submitted with the motion. *Cf. City of Aurora v. Colo. State Eng'r*, 105 P.3d 595, 627 (Colo. 2005) (noting that a bill of costs submitted pursuant to C.R.C.P. 121, section 1-22 need not comply with CRE 1006); *see also Patterson v. James*, 2018 COA 173, ¶ 44 (noting that a court isn't required to rely on particular forms of evidence when evaluating the reasonableness of a fee request).

¶ 27 Relying on C.R.C.P. 121, section 1-22, the district court here considered Hill's supporting documentation to determine a reasonable amount of HLBS attorney fees he was entitled to

15

recover. That documentation, as noted, included the law firm's billing records and the managing attorney's affidavit stating that all work performed on Hill's behalf and the amounts set forth in the records were necessary and reasonable. That documentation all supports the district court's determination. *See Patterson*, ¶ 45 (noting that it wasn't error for a court to rely on testimony at an evidentiary hearing as well as affidavits provided before the hearing).

¶ 28    Even setting that documentation aside, we note that WCB didn't identify any specific HLBS costs it considered unwarranted — either in the district court or on appeal.[7] So the district court was left to determine whether the fees requested as a whole were reasonable rather than evaluating challenges to individual line items. Hill testified at the hearing that he had paid over $40,000 in attorney fees and costs that he believed were necessary to defend against WCB's claim and that the billing records accurately

---

[7] Any such challenge would also not be preserved. *See Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1188-89 (Colo. App. 2011) (declining to address a challenge to the reasonableness of costs where the appellants failed to identify specific costs they believed were inappropriate).

reflected the amounts he was charged. This testimony adequately established the amount Hill was billed and the amount he paid for legal services.

¶ 29 As the district court observed, parties frequently offer expert testimony in attorney fees disputes, but expert testimony is not required under law. *See Parks v. Edward Dale Parrish LLC*, 2019 COA 19, ¶ 28. And while, perhaps, it would have been helpful had someone from HLBS testified at the hearing, the court nonetheless received documentation and testimony from which it could assess the reasonableness of Hill's fee request. In short, the record here shows that, contrary to WCB's assertion, Hill presented evidence in support of his claim that the amounts HLBS charged were necessary and reasonable. The district court's determination is thus supported by the evidence.

¶ 30 Second, WCB argues that "the fees and costs of prior counsel were not proportional and [were] excessive." In support, it argues that the fee award of $27,403.63 far exceeded the value of the underlying breach of contract claim, which was $22,000. WCB also argues that it incurred $10,000 in attorney fees during the same

timeframe, which is significantly lower than the fee award. And finally, WCB argues that this wasn't a complex case.

¶ 31    Those points may be true, but the court considered each of these arguments. Moreover, it granted WCB some relief in connection with the arguments and determined that a 10% reduction in the billed amount was appropriate to address them.[8] The court also reduced HLBS's fees an additional 20% after determining that some time entries were unnecessary, duplicative, or block billed. Then the court denied all fees that HLBS charged for its administrative staff's time on the case. The net result of these deductions was that the court granted only roughly 60% of the fees that Hill had incurred through HLBS and AdvisorLaw. We cannot say on this record that the district court's fee award is manifestly arbitrary, unreasonable, or unfair.

---

[8] The court also considered several factors contained in Colo. RPC 1.5(a), concluding that an upward or downward adjustment to the lodestar amount of $27,403.63 wasn't necessary. Because WCB doesn't challenge this determination on appeal, we need not consider its merits here. *See City of Aurora v. 1405 Hotel, LLC*, 2016 COA 52, ¶ 16 n.3 (not addressing an issue that the parties didn't present on appeal).

18

¶ 32    In conclusion, the district court's decision is supported by the evidence in the record, and we perceive no abuse of discretion in its decision to award Hill $27,982.63 in attorney fees and costs. *See Planning Partners Int'l, LLC*, ¶ 12.

### III.    Appellate Attorney Fees

¶ 33    Hill requests appellate attorney fees under section 13-17-102 and C.A.R. 38(b), arguing that WCB's appeal is frivolous as filed. Specifically, Hill argues that after the district court determined that WCB was collaterally estopped from litigating its breach of contract claim — and the division of our court affirmed that ruling — WCB nonetheless appealed the court's attorney fee award "without [providing] a coherent claim for why its position was [substantially] justified." Similarly, Hill argues, "WCB has not come close to showing" that the amount of the fee award isn't reasonable given that the court granted only 60% of the fees he claimed.

¶ 34    An appeal is frivolous as filed if "there are no legitimately appealable issues because the judgment below 'was so plainly correct and the legal authority contrary to the appellant's position so clear.'" *Calvert v. Mayberry*, 2019 CO 23, ¶ 45 (quoting *Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006)).

19

¶ 35    While WCB's appeal is ultimately unsuccessful, we don't think

that it failed to present legitimately appealable issues.  True, we

decline to address the merits of WCB's argument that the district

court erred by determining that Hill was entitled to an attorney fee

award.  But we think that WCB made sufficiently rational

arguments in its challenge to the amount of the fee award to render

its appeal not frivolous as filed.  We therefore deny the request for

appellate attorney fees.

## IV.    Disposition

¶ 36    The order is affirmed.

JUDGE TOW and JUDGE GOMEZ concur.